**FILED**

JAN 25 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DEVONTAE WESSON
BOP REG. NO. 66693-060
ASHLAND FEDERAL CORRECTION
   INSTITUTION
P.O. BOX 6001
ASHLAND, KY 41105-6001

        Plaintiff,

   v.

UNITED STATES OF AMERICA
ELKTON FEDERAL CORRECTION
   INSTITUTION
8730 SCROGGS RD.
LISBON, OH 44432

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

JURY DEMAND INDORSED HEREIN

COMPLAINT
FEDERAL TORT CLAIMS ACT
28 U.S.C. §2679(b)(1)

4:24CV00149

Case No. _____

Judge _____

JUDGE ADAMS

**MAG JUDGE KNAPP**

PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Devontae Wesson ("Mr. Wesson") is a natural person residing in Ashland, Kentucky.

2.    Defendant Elkton Federal Correction Institution ("FCI Elkton") is an entity run by the United States of America and organized and located in Elkton, Ohio.

3.    Venue is proper in this forum because all events described herein occurred in this jurisdiction.

FACTUAL BACKGROUND

4.    Plaintiff reincorporates by reference all previous allegations.

5.    Mr. Wesson was an inmate at FCI Elkton from approximately July 2021 to January 2023, when he was transferred to Ashland Federal Correction Institution.

6.    On or around March 28, 2022, Mr. Wesson injured his finger while playing basketball at FCI Elkton.

7.    Mr. Wesson immediately went to FCI Elkton Medical Department and notified the staff on duty at the time that he

had injured the fifth (small) finger on his right hand and that he was unable to move that finger and was experiencing excruciating pain in and around that finger.

8. Inmates at FCI Elkton were required to use the medical facility at FCI Elkton for all healthcare needs - they were given no alternative treatment.

9. Staff on duty in the FCI Elkton Medical Department told Mr. Wesson that there were no adequately trained staff on duty at that time to assist Mr. Wesson with his medical issue.

10. Staff on duty in the FCI Elkton Medical Department told Mr. Wesson to return the following day when adequate staff would be available to assist him with his medical emergency.

11. On the following day, March 29, 2022, Mr. Wesson returned to the FCI Elkton Medical Department as instructed.

12. Medical staff performed a routine examination on Mr. Wesson's finger.

13. Medical staff on duty at the FCI Elkton Medical Department were unable to provide Mr. Wesson with a complete, accurate diagnosis of his medical issue because there were no X-ray technicians on duty at the time.

14. Medical staff scheduled an X-ray on Mr. Wesson's finger at FCI Elkton on April 4, 2022.

15. The X-ray results of Mr. Wesson's finger showed no broken bone in that finger.

16. Medical staff further referred Mr. Wesson to an orthopedic surgeon specialist because of the pain and immobility in Mr. Wesson's finger.

17. Medical staff at FCI Elkton did not schedule an appointment with an orthopedic surgeon specialist for Mr. Wesson until May 9, 2022.

18. On May 9, 2022, Mr. Wesson saw the orthopedic surgeon specialist.

19. The orthopedic surgeon specialist diagnosed Mr. Wesson with a torn ligament/tendon in his fifth right finger (the small finger) and advised Mr. Wesson of the need for "prompt" surgery.

20. The orthopedic surgeon specialist further reviewed with Mr. Wesson all preoperative, intraoperative, and post-operative protocols and expectations regarding the finger surgery.

21. Specifically, the orthopedic surgeon specialist advised Mr. Wesson that prompt surgery was necessary and that after the surgery, Mr. Wesson would need a brace and physical therapy for rehabilitation to fully recover from his injury and to prevent deformity and recover full mobility.

22. In late May or early June of 2022, the orthopedic surgeon specialist performed surgery on Mr. Wesson's right fingeer.

23. As part of his post-operative care, staff at the orthopedic surgeon's office scheduled a follow-up appointment, provided Mr. Wesson with a brace that they instructed him to wear at all times, and referred Mr. Wesson to physical therapy that was necessary to allow his finger to properly heal.

24. When Mr. Wesson returned to FCI Elkton, he began wearing his finger brace, as instructed by the orthopedic surgeon.

25. Within the first month after his surgery, a correction officer confiscated Mr. Wesson's brace.

3

26. Mr. Wesson objected to the confiscation of his brace, and offered to provide documentation proving that the finger brace was a medically necessary post-operative device.

27. No one at FCI Elkton returned Mr. Wesson's finger brace at any time.

28. Mr. Wesson immediately submitted paperwork with the administration at FCI Elkton to request the return of the finger brace.

29. Mr. Wesson's brace was never returned to him and no one in administration at FCI Elkton supplied Mr. Wesson with a reason why the brace was not returned to him.

30. Mr. Wesson was further never allowed to attend any physical rehabilitation sessions as instructed by the orthopedic surgeon specialist.

31. When Mr. Wesson requested that he be allowed to attend the medically necessary rehabilitation sessions, his request was denied.

32. Mr. Wesson continues to experience significant pain in his right fifth (small) finger and associated discomfort, and his range of motion with that finger is limited.

33. As a result of the pain and discomfort in his finger, as well as the limited motion in his finger, Mr. Wesson is experiencing undue stress.

### COUNT I
### MEDICAL MALPRACTICE (NEGLIGENCE)

34. Plaintiff reincorporates by reference all preceding allegations within.

35. Medical staff at FCI Elkton owed Mr. Wesson a duty of care in providing him medical and healthcare services.

36. Medical staff at FCI Elkton breached the standard of duty of care in delaying its medical treatment of Mr. Wesson.

37. Medical staff at FCI Elkton breached the standard of duty of care in confiscating the orthopedic specialist-provided brace and refusing to return it.

38. Medical staff at FCI Elkton breached the standard of duty of care in refusing to allow Mr. Wesson to attend physical rehabilitation as instructed and prescribed by the orthopedic surgeon specialist.

39. As a result of the breach of the standard of duty of care by medical staff at FCI Elkton, Mr. Wesson has suffered, and will continue to suffer, monetary damages.

## COUNT II
## NEGLIGENCE

40. Plaintiff reincorporates by reference all preceding allegations within.

41. Because Mr. Wesson was a ward of the United States of America while he was an inmate at FCI Elkton, all staff and administration at FCI Elkton owed Mr. Wesson a duty of care.

42. In confiscating the orthopedic specialist-provided brace and refusing to return it, and by refusing to allow Mr. Wesson to attend medically necessary physical rehabilitation, as instructed and prescribed by the orthopedic surgeon specialist, staff and administration breached the standard of duty of care.

43. As a result of the breach of the standard of duty of care by staff and administration at FCI Elkton, Mr. Wesson has

suffered, and will continue to suffer, monetary damages.

COUNT III
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff reincorporates by reference all preceding allegations within.

45. Medical staff and administration at FCI Elkton acted intentionally or recklessly in their conduct arising to the injuries suffered by Mr. Wesson and the associated complications.

46. Medical staff and administration at FCI Elkton's conduct was extreme and outrageous.

47. Medical staff and administration at FCI Elkton's actions caused Mr. Wesson to suffer emotional distress.

48. The resulting emotional distress caused by Mr. Wesson was severe.

49. As a result of medical staff at FCI Elkton's intentional infliction of emotional distress, Mr. Wesson suffered damages.

WHEREFORE, Plaintiff Devontae Wesson asks this Court for the following against Defendant United States of America:

1. Compensatory and nominal damages in an amount to be determined at trial, but in excess of $75,000.

2. Punitive and/or exemplary damages in an amount to be determined at trial, but in excess of $1,000,000.

3. Equitable relief enjoining medical staff and administration at FCI Elkton from further substandard medical care of all FCI Elkton inmates.

4. Any other relief this Court deems just and fair.

Respectfully Submitted,

_____
Devontae Wesson (Pro Se)
BOP Reg. No. 66693-060
Ashland Fed. Correction Institution
P.O. Box 6001
Ashland, KY 41105-6001

6

PRAECIPE TO THE CLERK:

Please serve defendant United States of America, via USPS mail, postage prepaid, to the address set forth above.

_____
Devontae Wesson
