UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEVONTAE WESSON, ) | CASE NO. 4:24-CV-00149 |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| vs. ) | |
| ELKTON FEDERAL CORRECTIONAL ) INSTITUTE ) | **ORDER** (Resolving Docs. 20, 26, 30, 33, 34) |
| Defendant. ) | |

This matter is before the Court on Defendant Elkton Federal Correction Institute's ("Defendant") motion for summary judgment on Plaintiff Devontae Wesson's ("Plaintiff") claims. Doc. 26. Plaintiff filed an opposition to Defendant's motion (doc. 31), and Defendant filed its reply in support of its motion (doc. 35). The matter is fully briefed. Plaintiff has also filed various other motions, including a motion to compel (doc. 20), an amended motion for discovery (doc. 30), a second amended motion for extension of discovery (doc. 33), and a motion for voluntary dismissal of his case (doc. 34). For the following reasons, Plaintiff's motions are DENIED as moot and Defendant's motion for summary judgment is GRANTED, and this matter is DISMISSED.

I.     FACTUAL BACKGROUND

Plaintiff was an inmate at FCI Elkton from approximately July 2021 to January 2023. Doc. 1, p. 1. On approximately March 28, 2022, while playing basketball, Plaintiff injured the fifth (small) finger on his right hand. Doc. 1, p. 2. Plaintiff alerted medical staff at FCI Elkton to his injury, who evaluated the injury, applied a splint, and prescribed pain medication. Id; Doc. 1-1. Plaintiff was informed that there was no medical staff on duty to assist him and to return the next day. Id. At that time, medical staff examined Plaintiff and scheduled an x-ray of Plaintiff's finger. Id. An x-ray did not reveal any broken bones, and therefore, medical staff referred Plaintiff to an

outside orthopedic surgeon specialist. Id. On May 9, 2022, Plaintiff met with the orthopedic surgeon who diagnosed Plaintiff with a torn ligament/tendon in his fifth right finger and recommended surgery. Doc. 1, p. 3. In late May or early June of 2022, the orthopedic surgeon performed surgery on Plaintiff's finger, provided Plaintiff with a brace, and referred him to physical therapy. Id. Upon return to Elkton, Plaintiff wore his finger brace. Id. Plaintiff contends that within the month after his surgery, a corrections officer confiscated his brace. Id. The finger brace was not returned, despite Plaintiff's requests. Id. Plaintiff did not receive physical therapy. Id.

Plaintiff contends that he continues to experience significant pain, discomfort, and limited range of motion to the injured finger. Id. On March 30, 2023, Plaintiff filed an administrative claim as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. §2672. Doc. 26-2. On October 16, 2023, after an investigation, the Federal Bureau of Prisons concluded that there was insufficient evidence to substantiate Plaintiff's claim. Doc. 1-1. On January 25, 2024, Plaintiff filed the instant complaint under the FTCA asserting claims for medical malpractice, negligence, and intentional infliction of emotional distress. Doc. 1.

## II.  LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law * * *.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–944 (6th Cir. 1990).

A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–1480 (6th Cir. 1989) (citing *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus,* 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

### III. LAW AND ANALYSIS

The United States, as sovereign, is immune from suit except as it specifically consents to be sued, and the terms of its consent must be strictly construed. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 590 (1941). The FTCA is a limited waiver of the government's sovereign immunity. 28 U.S.C. §§ 2671-80. The FTCA provides the "exclusive" remedy for injury or loss of property arising or resulting from the negligent or wrongful act of a government employee. 28 U.S.C. § 2679(b)(1).

A key condition the United States has imposed upon its consent to be sued under the FTCA is the requirement that a plaintiff present an administrative claim to the responsible federal agency prior to initiating suit. 28 U.S.C. § 2675(a). In compliance, Plaintiff filed an administrative claim asserting that "[t]he failure to provide medical judgment, prompt care and treatment and constant

3

delays by the Medical Staff at FCI ELKTON has resulted in permanent disability." Doc. 26-2. The Federal Bureau of Prisons concluded that there was insufficient evidence to substantiate Plaintiff's claim that "medical staff did not provide you with proper medical care." Doc. 1-1. Plaintiff was informed "if you are dissatisfied with this decision, you may bring an action raising *only* your personal injury claim against the United States[.]" (Emphasis added) Doc. 1-1. Plaintiff asserts claims for medical malpractice, negligence, and intentional infliction of emotional distress under the FTCA. Doc. 1.

### a. Plaintiff's Medical Claims: Counts One and Two

In his "medical malpractice (negligence)" claim, Count One, Plaintiff asserts that medical staff at Elkton breached the standard of duty of care by delaying medical treatment, by confiscating his finger brace and by refusing to allow him to attend physical therapy. Doc. 1, p. 5. In his negligence claim, Count Two, Plaintiff asserts that "all staff and administration" at Elkton breached the duty of care by confiscating his brace and by refusing to allow him to attend physical therapy. Doc. 1, p. 5. While Plaintiff attempts to distinguish these two claims by their titles, he is solely complaining about various individuals breaching the standard of care as to his medical treatment options, i.e., delaying medical care, confiscating his brace, and restricting his physical therapy. To establish negligence either against a medical practitioner OR another staff member for not following alleged medical instructions, Plaintiff would be required to establish that those medical instructions were within the standard of care for his injury and that it was a breach of that standard to not follow those instruction. As such, both claims[1] are properly analyzed under the medical malpractice/medical negligence standard.

---

[1] Even if the Court were to consider Plaintiff's claims as two distinct claims, Plaintiff only asserted that the *medical staff* failed to provide proper medical care in his administrative claim. Doc. 26-2.

4

The Court reviews Plaintiff's claims for liability for medical malpractice/medical negligence claims under the FTCA under Ohio law. *Lyons v. Brandly*, 430 F. App'x 377, 381 (6th Cir. 2011). Accordingly, Plaintiff "must prove, by a preponderance of the evidence and generally through expert testimony, that the defendant medical providers failed to adhere to the appropriate standard of care recognized by the relevant medical community and that such failure caused the plaintiff injury." Id. In support of its motion for summary judgment Defendant asserts that Plaintiff cannot prove these claims because he has failed to present any expert evidence to establish the standard of care. The Court agrees.

To prove his medical malpractice/medical negligence claims under Ohio law, Plaintiff is required to provide expert testimony to establish the standard of care. *Welch v. United States*, No. 24-3367, 2025 WL 374248, at *7 (6th Cir. Feb. 3, 2025); *Rogoff v. King*, 91 Ohio App.3d 438, 445 (Ohio Ct.App.1993) "Failure to establish the recognized standards of the medical community has been fatal to the presentation of a prima facie case of malpractice by the plaintiff [.]" *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 131, (Ohio 1976); *Buerger v. Ohio Dept. of Rehab. & Corr.,* 64 Ohio App.3d 394, 398, (Ohio Ct.App.1989). A plaintiff's failure to produce expert evidence on the standard of care or medical records showing lack of care generally results in dismissal. *Buerger*, 64 Ohio App.3d at 398.

However, expert testimony is not necessary under Ohio's "common knowledge exception". *Id*. at 400–01. The common knowledge exception generally applies in matters of gross inattention to obvious situations. *Id*. at 399; *Jones v. Hawkes Hosp. of Mt. Carmel*, 175 Ohio St. 503, 506–07 (Ohio 1964). Plaintiff asserts that the exception applies herein.

---

Thus, he failed to preserve a claim against any other staff members and therefore that claim is not properly before the Court.

5

The Court disagrees with Plaintiff's assertion that this medical malpractice claim does not require expert testimony. Here, Plaintiff alleges Defendant did not follow the post-surgical recommendations of his orthopedic surgeon. Doc. 31, page 7. He contends that any layperson would follow the recommendations of the surgeon, and therefore the failure to follow these instructions amounts to medical malpractice/negligence. Id. Because Plaintiff's allegations relate directly to professional skill and judgment, these matters are not within the common knowledge and experience of laymen. The standard of care required for postsurgical care, and whether a breach of such standard of care could lead to the condition Plaintiff complains of here are matters "not sufficiently obvious that nonprofessionals could reasonably evaluate the defendant's conduct," and, thus, expert testimony is required to establish the appropriate standard of care and any proximate cause of plaintiff's injuries. *Cunningham v. Children's Hosp.*, 10th Dist. No. 05AP-69, 2005 WL 1983374 at *6, citing *Wright v. Hamilton*, 141 Ohio App.3d 296, (12th Dist. 2001). Plaintiff claims his post-surgical care fell below the standard of care, which he sets as the standard provided by his orthopedic surgeon. The standard of care for post-surgical care is well beyond that of a layperson. Accordingly, expert testimony is necessary.

In his opposition, Plaintiff urges the Court to deny Defendant's motion as untimely or otherwise hold it in abeyance pending further discovery. Doc. 31, p. 3. Plaintiff acknowledges that the discovery cutoff date was February 14, 2025, and that dispositive motions were due March 28, 2025. Plaintiff asserts that dates for expert reports were left blank on the Case Management Plan. Doc. 31, p. 3. This is false. The CMC Plan specified that the expert discovery cut off date was at the close of discovery. Doc. 14, p. 2. Thus, expert discovery was due no later than February 14, 2025. Plaintiff contends that the issues he raised in his motion to compel discovery impeded his ability to obtain an expert in this case. He contends that Defendant's alleged failure to provide

6

all his medical records as well as other documents prejudiced his ability to obtain and exchange an expert report. Doc. 31, p. 4. This argument is without merit.

Plaintiff made clear at that the initial case management conference that he already had his own medical records. At that time, the Court ordered Plaintiff to provide Defendant with a medical release so *Defendant* could obtain medical records. Plaintiff's motion to compel discovery focuses on issues outside the scope of his medical records. In fact, in his reply in support of his motion to compel, Plaintiff acknowledges he produced his medical file to Defendant *and* that Defendant produced his medical file, with no argument that this file was somehow incomplete. Doc. 24, p. 1. 4. Plaintiff has the burden to provide expert testimony to establish the appropriate standard of care. Plaintiff makes no argument that such an expert opinion would require more than his medical records. There was simply nothing in his motion to compel that would have kept Plaintiff from fulfilling his burden to obtain a medical expert in this case.[2] Accordingly, Plaintiff's argument does not excuse his failure to satisfy his burden in this case. Defendant is entitled to summary judgment as a matter of law on Plaintiff's medical claims in Counts One and Two.

### b. Intentional Infliction of Emotional Distress: Count Three

Plaintiff contends that Defendant's medical staff and administration acted intentionally or recklessly in their conduct regarding his injury and the conduct was extreme and outrageous and cause him to suffer severe emotional distress. Doc. 1, p. 6. As noted above, a key condition the United States has imposed upon its consent to be sued under the FTCA is the requirement that a plaintiff present an administrative claim to the responsible federal agency prior to initiating suit.

---

[2] The Court notes that Plaintiff included a motion for extension of the discovery cut of date in his February 12, 2025 filing. Doc. 20-2, p. 22. However, Plaintiff did not seek to extend the deadline so that he could obtain an expert. Id. Plaintiff makes no mention of his inability to obtain an expert due to any alleged discovery deficiencies until after the Defendant raised the issue in its motion for summary judgment. Doc. 31. At the Case Management Conference, the Court warned Plaintiff that he would have to pay his orthopedic surgeon to prepare a written report if he intended to use him as an expert. The Court made it clear to Plaintiff that the matter was between Plaintiff and the orthopedic surgeon. He has failed to explain why he did not make these arrangements prior to the discovery cut off date.

28 U.S.C. § 2675(a). Here, Plaintiff filed an administrative claim regarding his personal injury, asserting only issues with his physical injury. Doc. 26-2. Plaintiff did not raise any issues regarding any emotional issues. Accordingly, the Court concludes that Plaintiff has failed to exhaust his administrative remedies regarding this claim. Id. Defendant is entitled to judgment as a matter of law on Count Three.

### c. Plaintiff's Motions: Docs. 20, 30, 33, 34

As discussed above, the Court dismisses Plaintiff's claims on the grounds that he has failed to satisfy his burden to produce an expert to establish the standard of care in this matter. Plaintiff has failed to provide the Court with an argument as to why he has failed to timely satisfy his burden. Accordingly, Plaintiff's other motions, including his motion to compel (doc. 20), an amended motion for discovery (doc. 30), a second amended motion for extension of discovery (doc. 33), and a motion for voluntary dismissal of his case (doc. 34) are DENIED as MOOT.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and this matter is DISMISSED. Plaintiff's motions are DENIED as MOOT. Docs. 20, 30, 33, 34.

**IT IS SO ORDERED.**

DATED: June 11, 2025  */s/ John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT